UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| IN RE: PETITION OF PRISCILLA § <br> JOHNSON TO PERPETUATE § <br> TESTIMONY OF THE CORPORATE § <br> REPRESENTATIVE OF CARNIVAL § <br> CORPORATION § <br> § <br> Petitioner. § | CIVIL ACTION NO. 3:13-cv-00231 |

## MEMORANDUM AND ORDER

Texas Rule of Civil Procedure 202 allows presuit depositions "to investigate a potential claim or suit." Tex. R. Civ. P. 202.1. The rule prevents potential litigants from having "to file suit before determining whether a claim exists," which is inefficient and runs counter to the rule against filing groundless claims. *In re Emergency Consultants*, 292 S.W.3d 78, 79 (Tex. App.—Houston [14th Dist.] 2007, no pet.). Priscilla Johnson filed such a petition in state court, seeking to depose a representative of Carnival Corporation to obtain testimony related to an injury she allegedly suffered while exiting a Carnival cruise ship. The question before the Court is whether Carnival properly removed this matter to federal court on the basis of diversity jurisdiction. Because this presuit procedural device is not a vehicle for obtaining any damages or other quantifiable relief, the Court concludes that the amount-in-controversy requirement is not met and **GRANTS** the Motion to Remand.

I.  **BACKGROUND**

Priscilla Johnson was allegedly injured in Galveston while exiting a cruise ship owned by Carnival.  Docket Entry No. 1-3 at 1.  On May 15, 2013, Johnson filed a petition under Rule 202 in County Court at Law No. 10 of Galveston County requesting that the court order a deposition of a Carnival representative on topics related to Johnson's accident and other similar incidents.

Texas Rule of Civil Procedure 202.1 provides:

> A person may petition the court for an order authorizing the taking of a deposition on oral examination or written questions either: (a) to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit; or (b) to investigate a potential claim or suit.

Tex. R. Civ. P. 202.1.[1]  Rule 202 "is not itself an independent suit, but is in aid of and incident to an anticipated suit . . . it is purely an ancillary matter." *Davidson v. S. Farm Bureau Cas. Ins. Co.*, No. H-05-03607, 2006 WL 1716075 at *2 (S.D. Tex. June 19, 2006) (brackets omitted) (quoting *Office Emps. Int'l Union v. Sw. Drug Corp.*, 291 S.W.2d 404, 406 (Tex. 1965)).

The state court ordered that a deposition occur on June 26, 2013.  The day before the scheduled deposition, Carnival removed the matter to this Court, asserting that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

---

[1] "Rule 202 consists of five rules: 202.1-202.5." *In re Enable Commerce, Inc.*, 256 F.R.D. 527, 528 n.1 (N.D. Tex. 2009) (citation omitted).  The subparts address when a petition may be filed (202.1), the required contents of the petition (202.2), the requirements for serving the petition and notice of hearing (202.3), the required contents of the order authorizing a deposition (202.4), and the manner of taking and using a deposition (202.5).  *Id.*

On July 3, 2013, Johnson filed a motion to remand.  On July 24, 2013, Carnival supplemented its removal notice, adding admiralty jurisdiction as an additional basis for removal.  Docket Entry No. 4 at 1–2.

## II.   DIVERSITY JURISDICTION

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Carnival's basis for original jurisdiction in this case is section 1332, which grants district courts original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.

Federal district courts in Texas have found diversity jurisdiction lacking over removed Rule 202 petitions for a number of reasons.  A number of courts have found that Rule 202 petitions are not "civil actions" within the meaning of the removal statute.  *See, e.g.*, *Sawyer v. E.I. du Pont de Nemours & Co.*, No. 06-1420, 2006 WL 1804614, at *2 (S.D. Tex. June 28, 2006); *Davidson*, 2006 WL 1716075, at *2; *McCrary v. Kan. City S. R.R.*, 121 F. Supp. 2d 566, 599 (E.D. Tex. 2000).  And at least one court has noted that even if a Rule 202 proceeding is a "civil action," it is not one "of which [the] district courts of the United States have

original jurisdiction" and is thus not removable under 28 U.S.C. § 1441. *Mayfield-George v. Tex. Rehab. Comm'n*, 197 F.R.D. 280, 283 (N.D. Tex. 2000) (emphasis omitted) (quoting 28 U.S.C. § 1441(a)) (explaining that a federal district court does not have original federal question jurisdiction over a Rule 202 petition); *cf. In re Enable Commerce, Inc.*, 256 F.R.D. 527, 531 (N.D. Tex. 2009) (doubting a federal court's ability to manage a Rule 202 petition after removal because the *Erie* doctrine mandates the application of federal procedural law and no federal rule is precisely coterminous with Rule 202). Those opinions are well-reasoned, but the Court concludes that the most glaring defect in diversity jurisdiction over Rule 202 proceedings is the requirement that the "matter in controversy exceed[] the sum or value of $75,000, exclusive of interest and costs."[2]  28 U.S.C. § 1332(a).

A Rule 202 proceeding cannot result in any recovery. It does not assert any claim or cause of action upon which a court could grant relief; rather, it is simply a mechanism that allows a presuit deposition. *In re Enable Commerce*, 256 F.R.D. at 531 (citations omitted). Indeed, the Texas Supreme Court has characterized such proceedings as "purely an ancillary matter" and "not of itself an independent suit." *Office Emps. Int'l Union*, 391 S.W.2d at 406 (addressing the predecessor

---

[2] In addition there is a split, albeit a lopsided one favoring remand, among federal district courts in Texas on whether a Rule 202 proceeding is a civil action. *See In re Texas*, 110 F. Supp. 2d 514 (E.D. Tex. 2000) (holding that a Rule 202 proceeding is a removable civil action), *rev'd on other grounds sub. nom. Texas v. Real Parties in Interest*, 529 F.3d 387 (5th Cir. 2001). But *In re Texas* did not involve diversity jurisdiction, so there is no disagreement on the amount-in-controversy issue.

rule to Rule 202). Carnival makes no attempt to quantify the cost of a single deposition, which could not conceivably approach $75,000. *See Waller v. Wal-Mart Stores, Inc.*, No. 4:01-CV-629-Y, 2002 WL 34504722, at *2 (N.D. Tex. Mar. 4, 2002) (discussing amount-in-controversy requirement under section 1332(a) and finding that defendants "wholly fail" to show that costs related to Rule 202 petition exceed $75,000). Carnival cites a number of verdicts well in excess of $75,000 in cases involving similar injuries to the one Johnson allegedly suffered. Docket Entry No. 6 at 5. But even when a presuit investigatory deposition obtained pursuant to Rule 202 relates to a potential claim in which many millions of dollars are at stake, the Rule 202 proceeding itself does not satisfy the amount-in-controversy threshold because none of those millions can be recovered until an actual lawsuit is filed. *See In re Enable Commerce*, 256 F.R.D. at 532 (finding that Rule 202 petition did not meet amount-in-controversy threshold despite the fact that potential claims could be worth $12 million); *see also Davidson*, 2006 WL 1716075, at *2 ("A Rule 202 petition may never lead to a civil lawsuit, as the resulting deposition could just as easily indicate that the petitioner has no legal claim against the deponent or any other person or entity."). If, after taking the Rule 202 deposition, Johnson ends up filing a lawsuit in Texas state court, Carnival would be entitled to remove if it could prove the case involved more than $75,000.

      For these reasons, diversity jurisdiction was not a basis for removal.

### III.   TIMELINESS OF SUPPLEMENTARY NOTICE OF REMOVAL

Perhaps in recognition of the amount-in-controversy issue, Carnival filed a "Supplementary Notice of Removal" asserting admiralty jurisdiction as an additional ground for removal.  Because admiralty jurisdiction does not have an amount-in-controversy requirement, that basis for jurisdiction would require the Court to decide the "civil action" and "original jurisdiction" questions.  But the Court need not do so for another reason: Carnival's supplemental notice was untimely.

"A petition for removal of a civil action must be filed within 30 days after the defendant has received a copy of the initial pleading."  U.S.C. 28 § 1446(b).  A defendant may freely amend the notice of removal within this 30-day period.  *Holt v. Lockheed Support Sys., Inc.,* 835 F. Supp. 325, 327 (W.D. La. 1993); *Moody v. Commercial Ins. Co.,* 753 F. Supp. 198, 201 (N.D. Tex. 1990).  "Prior to the expiration of the 30-day period for removal, the notice of removal may be freely amended, but the cases say that thereafter it can be amended only to state more specifically a ground for removal that is already imperfectly stated."  20 Charles Alan Wright & Mary Kay Kane, *Federal Practice Deskbook* § 42 (2013); *see also Energy Catering Servs., Inc v. Burrow*, 911 F. Supp. 221, 223 (E.D. La. 1995) (holding that when original notice asserted diversity jurisdiction, the defendant could not amend after 30-day period to claim admiralty jurisdiction).

Carnival's agent for service of process was served with the Rule 202 Petition on June 6, 2013. Docket Entry No. 1 at 1. Carnival's original Notice of Removal asserting diversity jurisdiction was filed on June 25, 2013. The Supplementary Notice of Removal was filed on July 24, 2013. Because the Supplementary Notice of Removal was filed after 30 days from when Carnival's agent was served, the Supplementary Notice of Removal is not allowed to assert a new jurisdictional basis for removal.

## IV.   REQUEST FOR COSTS

Johnson moves for attorneys' fees incurred as a result of removal pursuant to 28 U.S.C. § 1447(c). "Absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Because there is a split among the district courts on whether a Rule 202 Petition is removable, *see In re Enable Commerce*, 256 F.R.D. at 530, Carnival's removal was not objectively unreasonable.[3] *See id.* at 533 n.14 (observing that the court would not have awarded fees under section 1447(c) if a request had been made).

---

[3] Plaintiff's motion to remand stated that binding Fifth Circuit case law holds Rule 202 proceedings are not removable. Docket Entry No. 3 at 2 (citing *Texas v. Real Parties in Interest*, 259 F.3d 387, 394–95 (5th Cir. 2001)). That case does not so hold. *See Texas v. Real Parties in Interest*, 259 F.3d at 395 n.14 ("Because we find no basis for federal jurisdiction in this case, we need not address the other issues raise in this appeal [including] . . . whether the Rule 202 proceeding was a 'civil action' for removal purposes.").

## V. CONCLUSION

Because diversity jurisdiction is lacking and Carnival's supplemental notice asserting admiralty jurisdiction as a basis for removal was untimely, removal was improper.  Johnson's motion (Docket Entry No. 3) is therefore **GRANTED** with respect to remand and **DENIED** with respect to attorney's fees.  The Court **REMANDS** the action to the County Court at Law No. 10 of Galveston County, Texas.

**SIGNED** this 15th day of August, 2013.

_____
Gregg Costa
United States District Judge